R. H. SWAFFORD *et als. v.* S. H. FERGUSON *et als.*

CONTRACTS. *Minors. Void or voidable.* Whether contracts of infants are void or voidable, may be thus determined: "When the court can pronounce the contract to be to the infant's prejudice, it is void— when to his benefit, as for necessaries, it is good—and when the contract is of an uncertain nature as to benefit or prejudice, it is voidable only at the election of the infant."

### FROM BLEDSOE.

Appeal from the Chancery Court at Pikeville. W. M. BRADFORD, Ch.

THOS. & D. L. SNODGRASS for complainants.

J. T. R. SWAFFORD and SPEARS & SPEARS for defendants.

McFARLAND, J., delivered the opinion of the court.

S. H. Ferguson purchased of David Cleage and M. M. Cleage his wife, seven lots in the town of Pikeville, at the price of $250—$50 of which sum he paid in hand and executed his notes with surety for the remainder. Said Cleage and wife, by the direction of Ferguson, executed a deed coveying the lots to Emily Ferguson, the wife of said S. H. Ferguson, and her heirs in fee simple. Said Emily Ferguson afterwards died intestate and without issue, leaving her brothers and sisters and two nieces her heirs at law.

Ferguson paid his notes for the purchase money of said lots, partly in the lifetime of his said wife, · the remainder of about $100, after her death. After the death of Mrs. Ferguson, her brothers and sisters and one of her nieces, being all of her heirs except one, joined in a quit claim deed, conveying their title to the lots to said S. H. Ferguson. The conveyance was without consideration. The bargainors were all infants, under twenty-one years of age, except R. H. Swafford and Nancy A. Northup, the wife of S. B. Northup. The original bill was filed by R. H. Swafford and said infants, including Emma Swafford who did not join in the conveyance, by said R. H. Swafford their next friend, to have their deed declared void, and to recover their interest in the lots, with an account of rents. S. H. Ferguson and Northup and wife were made defendants.

S. H. Ferguson filed a cross-bill, in which he claims a resulting trust in the property in his favor, by reason of the fact that the purchase money was paid by him; or in the event this relief be denied him, he asks to be substituted to the vendor's lien for the purchase money paid by him. The Chancellor dismissed the bill as to all the complainants, except Emily Swafford, holding that the deed of the infants was only voidable at their election after obtaining their majority, and they being still infants at the filing of their bill, the next friend had no right to file the bill in their behalf. A decree was rendered in favor of Emily Swafford for her share of the property with an account of rents. The other complainants have

appealed. R. H. Swafford being of full age at the execution of the deed, cannot avoid its effect as to him. As to the infants, the question is different. According to the authorities, if the Chancellor's premises were correct, that is, if the deed was only voidable and not void, then his conclusion was correct, as in that event no one but the infant after attaining his majority can call the deed in question. It is generally said that the deed of an infant is voidable, but the rule, as stated by Judge Green in the case of *Wheaton* v. *East*, 5 Yer., 41, is as follows: "When the court can pronounce the contract to be to the infant's prejudice it is void—when to his benefit, as for necessaries, it is good—and when the contract is of an uncertain nature as to benefit or prejudice, it is voidable only at the election of the infants." This, Judge Green says, is the language of Lord Ch. J. Eyre, and was quoted with approbation by Judge Story, in 1 Mason, 82, and by Chancellor Kent, 2 Com., 193. Judge Green gives as an instance of a void contract, by an infant, his becoming surety for another, as in such case it can only be to his prejudice. The deed of the infant in the case of *Wheaton* v. *East*, was held voidable only at the election of the infant, as it was a sale and conveyance of land for a full price paid.

The same rule was approved in the case of *McGan* v. *Marshall*, 7 Hum., 121, and in *Scott* v. *Buchanan*, 11 Hum., 468. The deeds in both of these cases were held voidable only at the election of the infant after attaining majority. The first being a mortgage by which the infant secured credit, which the court

said might have been beneficial to him. The latter was a conveyance upon a consideration which enured to the benefit of the infant.

If the rule as settled by these authorities be correct, it must follow that the court should treat the deed of the infants in this case as void, as it was the conveyance by them of title to property which they clearly owned and which was of some value, without any consideration, and it was necessarily to their prejudice, and could not by possibility be otherwise.

It is entirely different from a sale for a consideration, which might be to their interest.

The conclusion of the Chancellor is therefore erroneous, and we think this is a sound rule to apply to conveyances obtained from infants without any consideration whatever.

There is nothing in the cross-bill of Ferguson— whatever may be his moral equity, he can have no relief growing out of the fact that he paid the purchase money. It was a settlement upon his wife, executed, so far as he was concerned, and cannot be retracted, and having secured no rights under the deed, he can have none. It is clear that he could not set up, as against his wife, either a resulting trust or claim for purchase money—the law would raise no such presumptions and make no such substitutions in his favor, and he can have no greater claim to relief against her heirs.

The decree will be reversed and a decree ordered for the infant complainats, with the costs of this court, and the cause remanded for an account of rents.